UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**Timothy Wyckhouse**

        Plaintiff,                    Case No.

-vs-                                            Hon.

**Magna International of America, Inc.**
a Delaware Corporation,

        Defendant.
_____/

IP WORKS, PLLC
Bradley M. Brown, Esq.
Attorney for Plaintiff
P.O. Box 818
Doylestown, PA 18901
(215) 348-1442
BBrown@ipworkslaw.com

Zeigler Townley, P.C.
Bruce L. Townley (P46937)
Attorney for Plaintiff
3001 W. Big Beaver, Suite 408
Troy, Michigan 48084
bruce@zeiglerlaw.com
_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

      Timothy Wyckhouse ("Plaintiff" or "Inventor"), by and through his undersigned counsel hereby complains and alleges as follows against Magna International of America, Inc ("Defendant" or "Magna International"):

**THE PARTIES**

    1. Plaintiff is an individual with a domicile address of 4039 Weckerly Road Monclova, Ohio 43542.

    2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 750 Tower Drive, Troy

1

Michigan, USA 48098

## NATURE OF THE ACTION

3. This is a civil action for infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. Defendant infringed Plaintiff's U.S. Patent No. 9,925,649 (the "Patent"). See Exhibit A. Plaintiff is the legal owner of the Patent, which was duly and legally issued by the United States Patent and Trademark Office. Plaintiff seeks all relief this Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has its principal place of business located in this District.

7. Venue is proper under 28 U.S.C. § 1400(b) because Defendant, having its principal place of business in Troy, Michigan, resides in this district.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff is the rightful owner of the Patent and a co-inventor. The inventors of the Patent are a small-town husband and wife.

9. Plaintiff and his wife filed Provisional Patent No. 62/085,390 on November 28, 2014, and U.S. Patent Application No. 14/948,684, claiming the benefit of the provisional patent, on November 23, 2015. The Patent was granted, in due course, by the United States Patent and Trademark Office on March 27, 2018.

10. The Inventor, retired, used to work in the automotive industry.

11. On or about the time of filing the provisional patent in 2014 the Inventor noticed

there was a safety concern working in the automotive plants.  This issue relates to tools used to assemble vehicles and vehicle parts.  Many of these tools have a rotating shank member.  This shank member rotates with high rotations per minute.  If a worker became tangled with the shank serious injury would occur before the worker could remedy the situation.

12. The invented tool head cover protects workers from serious injury.  This ensures a safer environment for all employees.  The invention has an added benefit of protecting the tool itself from becoming damaged due to dust and debris.  Further, this invention removes wobble, which regularly occurs with the tool itself, thus reducing wear on the tool.  This reduction in wobble will also make the tool easier to use from an operational standpoint.

13. The Inventor started a company in 2015; the Plaintiff prepared to sell the invention.

14. Plaintiff always manufactured tool head covers in a red or black color.

15. The Plaintiff produced several prototypes and approached Magna International in 2017.

16. On information and belief Magna International owns or operates or directs several factories in the United States, all of which require tools benefiting from use of Plaintiff's invention.

17. At this time, in 2017, the tool head covers had patent pending status, which was communicated to Defendant.

18. Seeing the safety aspects and other benefits of the invention, Magna International contracted with Plaintiff to create and install tool head covers on various rotary tools in multiple assembly lines of their manufacturing plants.

19. Plaintiff filled multiple orders for at least five (5) of Magna International's manufacturing plants in Michigan and Ohio, beginning on or about November 2017.

20. Several smaller orders were also filled by Plaintiff during this time.

21. The Plaintiff produced tool head covers for five (5) of Magna International's plants in three (3) different states, Ohio, Michigan, and Illinois.

22. The last order was filled on or about July 19, 2018. No more orders were made by Magna International after this date.

23. On information and belief Magna International took steps to begin manufacturing tool head covers without the knowledge or permission of Plaintiff.

24. On information and belief Magna International has, without permission, manufactured and installed for use, tool head covers on its machines, in a number to be proven at trial.

25. On information and belief Magna International recognizing the value in the invention and informed other factories owned or controlled by Magna International of the invention.

26. On information and belief Magna International manufactured and delivered the patented invention to these factories.

## FIRST COUNT

## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(A)

27. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as through fully set forth therein.

28. Plaintiff is the current owner of right, title, and interest in and to the Patent.

29. The Patent is valid and enforceable.

30. Defendant, Magna International directly infringed the Patent by at least making and

using, in the United States, without authority, products that are covered by the claims of the Patent.

31.     As a non-limiting example, Magna International infringed claim 1 of the Patent. Claim 1 claims as follows:

> A tool head cover for a tool with a rotating tool shank, comprising:
> a shank cover member having an outer sidewall forming a hallow interior portion;
> the shank cover member having a proximal end and a distal end;
> the proximal end comprising an opening that is sized to receive a tool head therethrough;
> the outer sidewall extending along an outer surface of the tool head;
> the hollow interior portion of the shank cover member sized to receive a tool shank therethrough;
> whereby the proximal end of the shank cover member terminates along the outer surface of the tool head and the outer sidewall of the shank cover member extends along a portion of the tool shank;
> Whereby the shank cover member shrouds a connection between the tool head and the tool shank.

32.     On information and belief Magna International infringed at least claim 1 of the Patent by producing and using, without permission, tool covers for a multitude of tools in at least one factory owned and/or controlled by Defendant.

33.     Magna International was made aware of the Patent prior to this date by way of a purchase of products from Plaintiff on May 3, 2018 and after.

34.     Further, Magna International had actual knowledge of Plaintiff's rights in the Patent because Plaintiff brought the Patent to the attention of Magna International before the filing date of this Complaint, at least one or about May 21, 2020.

35.     Magna International knew of the Patent prior to any infringing activities and proceeded despite that knowledge; Magna International's infringement was willful.

36.     By reason of Magna International's infringing activities, Plaintiff suffered substantial damages in an amount to be proven at trial. But for Defendant's infringement of the Patent, Plaintiff would have provided Magna International with products to meet Defendant's

needs and/or licensed the Patent to Defendant so that Magna International could make and use the patented products without direct involvement from Plaintiff. As a result of Defendant's infringement Plaintiff is damaged in an amount equal to the loss of profits that would otherwise have accrued from providing the products to Magna International, but in no less than a reasonable royalty.

## SECOND COUNT

## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(B)

37. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as through fully set forth therein.

38. Defendant knew of Plaintiffs patent prior to any infringing activities and proceeded anyway.

39. On information and belief Magna International directed facilities to install and use the patented invention.

40. On information and belief Magna International offered to sell infringing products to facilities controlled by Magna International

41. On information and belief Magna International induced others to infringe upon the Plaintiff's Patent.

42. Several facilities installed infringing products without the permission of Plaintiff.

43. By reason of Magna International's infringing activities, Plaintiff suffered substantial damages in an amount to be proven at trial. But for Defendant's infringement of the Patent, Plaintiff would have provided Magna International with products to meet Defendant's needs and/or licensed the Patent to Defendant so that Magna International could make and use the patented products without direct involvement from Plaintiff. As a result of Defendant's

infringement Plaintiff is damaged in an amount equal to the loss of profits that would otherwise have accrued from providing the products to Magna International, but in no less than a reasonable royalty

### THIRD COUNT

### PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(F)

44. Plaintiff re-alleges and incorporates by reference each of the allegations in the foregoing paragraphs as through fully set forth therein.

45. Defendant knew of Plaintiffs patent prior to any infringing activities and proceeded anyway.

46. On information and belief Magna International offered to sell infringing products to Magna International affiliates.

47. On information and belief Magna International sold infringing products to Magna International affiliates.

48. These affiliates are located around the world.

49. Magna International sold substantial components to affiliates.

50. Magna International sold substantial knowledge of the patent and how to make and use the patent invention to affiliates.

51. Several facilities installed infringing products without the permission of Plaintiff, where the products where substantially supplied by Magna International.

52. By reason of Magna International's infringing activities, Plaintiff suffered substantial damages in an amount to be proven at trial. But for Defendant's infringement of the Patent, Plaintiff would have provided Magna International with products to meet Defendant's needs and/or licensed the Patent to Defendant so that Magna International could make and use the

patented products without direct involvement from Plaintiff.  As a result of Defendant's infringement Plaintiff is damaged in an amount equal to the loss of profits that would otherwise have accrued from providing the products to Magna International, but in no less than a reasonable royalty

## JURY DEMAND

Plaintiff Demands a jury trial on all issues triable by a jury in this action

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for relief follows:

a) Judgement that Magna International infringed the Patent;

b) An award of damages adequate to compensate Plaintiff for the infringement that occurred, pursuant to 35 U.S.C. § 284, including pre- and post-judgment interest;

c) An accounting and/or supplemental damages for all damages occurring after discovery cutoff and through final judgment;

d) An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

e) An award of attorneys' fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including pre-judgment interest on such fees;

f) Costs and expenses in this action; and

g) Such other and further relief this Court deems just and proper.

Dated 7/7/2022

      IPWORKS, PLLC
By:<u>Bradley M. Brown</u>
Bradley M. Brown, Esq.
Attorney for Plaintiff
P.O. Box 818
Doylestown, PA 18901

                                  Tel. (215) 348-1442
                                  Email: BBrown@ipworkslaw.com

Dated: July 7, 2022               /s/ Bruce L. Townley   .
                                        Zeigler Townley, P.C.
                                        Bruce L. Townley (P46937)
                                        Attorney for Plaintiff
                                        3001 West Big Beaver Rd., Suite 408
                                        Troy, Michigan  48084
                                        (248) 643-9350
                                        bruce@zeiglerlaw.com